## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY,　　　:
　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　:　　CIVIL ACTION NO. 18-CV-3374
　　　　　　　　　　　　　　　　　:
COMMONWEALTH OF　　　　　　　:
PENNSYLVANIA, *et al.*,　　　　　　:
　　Defendants.　　　　　　　　　　:

FILED

AUG 2 4 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

JONES, J.　　　　　　　　　　　　　　　　　　AUGUST 24, 2018

　　*Pro se* Plaintiff Edward Thomas Kennedy brings this civil action against the Commonwealth of Pennsylvania and Governor Thomas Westerman Wolf.[1] He has also filed a Motion for Leave to Proceed *In Forma Pauperis.* (ECF No. 1.) For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.　FACTS

　　Throughout his Complaint, Kennedy refers to the Commonwealth of Pennsylvania and Governor Wolf as his "Kidnappers." (Compl. at 4.)[2] In a footnote, he contends that on June 2, 2017, "[b]etween 32 and 40 employees and/or agents of defendant Commonwealth of Pennsylvania showed up to injure [him] . . . at [his home in] Breinigsville, Pennsylvania." (*Id.* at 4 n.2.) According to Kennedy, these "agents" "appeared at [his] bedroom door with a machine gun, threatened to harm him . . ., [and] called him a 'sovereign citizen.'" (*Id.* at 7 n.4.) He also mentions that on August 28, 2017, he "was kidnapped in the Target Store parking lot by employees of the Commonwealth of Pennsylvania, imprisoned in two separate jails and/or

---

[1] Kennedy erroneously refers to the Governor as "Thomas Westerman Wolf."

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

prisons, placed in solitary confinement like conditions, suffered multiple rectal exams and suffered multiple physical and emotional injuries and transported across county boundaries." (*Id.*)

Kennedy vaguely mentions that he "involuntarily was charged before a court not of record and not a nisi prius court," and that "[e]mployees and/or agents of the defendants ignored [his] [c]ommon law petitions to vacate a void judgment." (*Id.* at 6.) He believes that the Commonwealth of Pennsylvania and its employees "have declared war on the Universal Church, Roman Catholics and its clergy, with fake grand juries that do not include jury members of peers of Roman Catholic clergy." (*Id.* at 7.) He also faults the Defendants for failing to provide a republican form of government. (*Id.* at 9.) Kennedy seeks declaratory and injunctive relief as well as damages. (*Id.* at 10-12.)

Kennedy has attached three exhibits to his Complaint. The first is a document titled "Law of the Case," which appears to include several definitions. (*Id.* at 15-23.) The second is a document that Kennedy refers to as a "Fake Bench Warrant." (*Id.* at 24-25.) This document indicates that a bench warrant was issued for Kennedy's arrest for failing to appear for a preliminary hearing in Docket No. CP-54-CR-0000293-2017. (*Id.* at 25.) The third is a document that Kennedy refers to as a "Fake Elected Official Commission and Bond Signed by Defendant Wolf." (*Id.* at 26-28.) This document reflects that Joe Hanna was commissioned to be Sheriff of Lehigh County in 2015. (*Id.* at 28.)

Public dockets reflect that on January 12, 2017, Kennedy was charged with two counts of harassment in the Court of Common Pleas for Schuylkill County. *See Commonwealth v. Kennedy*, Docket No. CP-54-CR-0000293-2017 (Schuylkill Cty. Common Pleas). On January 25, 2018, the charges were dismissed pursuant to Rule 600, Pennsylvania's speedy trial rule. *Id.*

Public dockets also reflect that on March 6, 2018, Kennedy filed a complaint in this Court against various individuals and entities, including Joseph Hanna, the Sheriff of Lehigh County. *See Kennedy v. Hanna*, Civ. A. No. 18-977 (E.D. Pa.). In this complaint, Kennedy has asserted claims related to the events of June 2, 2017 and August 28, 2017. Compl., *Kennedy v. Hanna*, Civ. A. No. 18-977 (E.D. Pa.) (ECF No. 3). Specifically, Kennedy has raised claims for unreasonable search and seizure, assault, false imprisonment, false arrest, and excessive force with respect to those events. *Id.* Proceedings in that matter are ongoing.

## II.  STANDARD OF REVIEW

The Court will grant Kennedy leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Kennedy is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

The Court construes Kennedy's claims against the Defendants to be brought pursuant to 42 U.S.C. § 1983, as he mentions that the Defendants have denied him due process and equal

protection. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Kennedy fails to state a claim for relief against the named Defendants under § 1983.

The Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity from claims under § 1983 and is not considered to be a "person" subject to liability under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Moreover, it appears that Kennedy seeks to hold Governor Wolf vicariously liable for his "agents'" actions with respect to the events that occurred on June 2, 2017 and August 28, 2017. However, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Nothing in the Complaint plausibly suggests that Governor Wolf either maintained a policy or custom which caused the alleged harm or had any personal involvement

in the events Kennedy describes.  For these reasons, Kennedy has failed to state a claim for relief against the Defendants.

While not clear, it appears that Kennedy seeks to assert claims arising from the events of June 2, 2017 and August 28, 2017.  As noted above, he mentions that he was injured by various officers on June 2, 2017 (Compl. at 4 n.2), and that he was arrested in a Target parking lot on August 28, 2017 (*id.* at 7 n.4).  He also mentions that he was "imprisoned in two separate jails and/or prisons, placed in solitary confinement like conditions, suffered multiple rectal exams and suffered multiple physical and emotional injuries and transported across county boundaries." (*Id.*)  Any such claims, however, duplicate those that Kennedy has asserted in Civil Action No. 18-977 and which are still pending.  Accordingly, the Court will dismiss any such claims without prejudice to Kennedy proceeding in Civil Action No. 18-977.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Kennedy's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Kennedy's § 1983 claims against the Commonwealth of Pennsylvania and Governor Wolf will be dismissed with prejudice.  Any claims that Kennedy is raising with respect to the events of June 2, 2017 and August 28, 2017 will be dismissed without prejudice to Kennedy proceeding on those claims in Civil Action No. 18-977.  Kennedy will not be permitted to file an amended complaint in this matter.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

_____
**C. DARNELL JONES, II, J.**